ROBERT G. AISENSTEIN, ESQ.
2114 Fountain Springs Drive
Henderson, Nevada 89074
Telephone: (702) 897-1438
FAX: (702) 896-8868
E-Mail: Aisenstein@msn.com

Counsel for Plaintiff: DESERT PALACE, INC.,
doing business as CAESAR'S PALACE HOTEL
& CASINO
[Pro Hac Vice Admission Pending]

# UNITED STATES BANKRUPTCY COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| IN RE: | **CHAPTER 7** |
| MICHAEL NAHASS, | **CASE NUMBER: 8:09-bk-14465-TA** |
| Debtors. | **Judge: Hon. Theodor Albert** |
| DESERT PALACE, INC., doing business as CAESAR'S PALACE HOTEL &, CASINO, | **ADVERSARY NO:** |
| Plaintiff, | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. 523(a)(6)]** |
| v. | |
| MICHAEL NAHASS, | |
| Defendant. | |

Plaintiff complains against Defendant and alleges as follows:

**PARTIES AND JURISDICTION**

1.  This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C.: Sections 157 and 1334, and General Order No. 266 dated October 9, 1984. This case is a core proceeding pursuant to 28 U.S.C., Section 157(b)(2)(I).

-1-

2. Plaintiff, DESERT PALACE, INC., doing business as CAESAR'S PALACE HOTEL & CASINO, is and was, at all times relevant herein, a corporation authorized to do business and doing business in Clark County, Nevada, and the holder of an unrestricted gaming license entitling it to operate a casino and gaming establishment within the State of Nevada.

3. Plaintiff is informed, believes and thereon alleges that Defendant is a resident of the City of Laguna Beach; County of Orange, State of California. Defendant filed a Chapter 7 petition in the United States Bankruptcy Court for the Central District of California on May 13, 2009. Plaintiff's claims arise pursuant to 11 U.S.C. 523(a)(6).

**COUNT I**
**ACTION SEEKING DETERMINATION OF DISCHARGEABILITY OF DEBT [11 U. S. C. 523(a)(6)]**

4. Plaintiff restates and realleges, as though fully set forth herein, the allegations of paragraphs 1 through 4 above.

5. This is an action seeking an exception to the discharge of Defendant's debt to Plaintiff pursuant to 11 U.S.C. 523 (a)(6).

6. Plaintiff, DESERT PALACE, INC., doing business as CAESAR'S PALACE HOTEL & CASINO; is a creditor of MICHAEL NAHASS, the above named Debtor / Defendant herein, having a valid claim with an outstanding principal balance in the amount of $705,000.00 exclusive of interest, costs and worthless check damages. Plaintiff's valid claim is $720,363.80 inclusive of interest, costs, and worthless check damages.

7. On or about January 16, 2009, Defendant sought, and was extended, credit from Plaintiff, DESERT PALACE, INC., doing business as CAESAR'S PALACE HOTEL & CASINO, in the aggregate sum of $705,000.00.

8. Defendant accessed this credit by signing and tendering credit instruments negotiable instruments number: C1229756 in the amount of $100,000.00; C1229750 in the amount of $100,000.00; C1229766 in the amount of $100,000.00; C1229862 in the amount of $10,000.00; C1229758 in the amount of $95,000.00; C1229745 in the amount of $100,000.00; C1229836 in the amount of $200,000.00;

-2-

9.      At the precise moment that Defendant accessed the credit extended to him by Plaintiff, by signing and tendering seven (7) credit instruments / negotiable instruments to Plaintiff and in the aggregate sum of $705,000.00:

A.      Defendant had actual and direct knowledge that credit instruments / negotiable instruments number C1229756 in the amount of $100,000.00; C1229750 in the amount of $100,000.00; C1229766 in the amount of $100,000.00; signed and tendered to Plaintiff were drawn against a financial account at J. P. Morgan Chase which Defendant had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments / negotiable instruments; thereby assuring that his credit obligation to Plaintiff would not be satisfied as the instruments would be dishonored when Plaintiff presented them for payment, yet Defendant nevertheless signed and tendered the instruments to Plaintiff; received valuable gaming tokens and cash in exchange therefor; all the while knowing that the instruments were worthless and;.

B.      Defendant had actual and direct knowledge that credit instruments / negotiable instruments number C1229862 in the amount of $10,000.00; C1229758 in the amount of $95,000.00; C1229745 in the amount of $100,000.00; C1229836 in the amount of $200,000.00; were drawn against a financial account which did not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments / negotiable instruments; thereby assuring that his credit obligation to Plaintiff would not be satisfied as the instruments would be dishonored when Plaintiff presented them for payment; yet Defendant nevertheless signed and tendered these four instruments to Plaintiff received valuable gaming tokens and cash in exchange therefor; all the while knowing that the instruments were worthless and;.

C.      Defendant knew that he would not have $705,000.00 in his financial account to honor the even credit instruments / negotiable instruments and thereby satisfy his credit obligation to Plaintiff, as the instruments were drawn against a financial account which Defendant had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments / negotiable

1  instruments; thereby assuring that his credit obligation to Plaintiff would not be satisfied as the
2  instruments would be dishonored when Plaintiff presented them for payment; yet Defendant
3  nevertheless signed and tendered the seven instruments to Plaintiff; received valuable gaming tokens
4  and cash in exchange therefor; all the while knowing that the instruments were worthless and;.

5      D.    Defendant knew that his bank account assets would be grossly inadequate
6  to honor the seven credit instruments / negotiable instruments and thereby satisfy his credit
7  obligations to Plaintiff, as the instruments were drawn against a financial account which Defendant
8  had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did not (and
9  would not) have funds on deposit therein sufficient to honor any of the credit instruments / negotiable
10 instruments; thereby assuring that his credit obligation to Plaintiff would not be satisfied as the
11 instruments would be dishonored when Plaintiff presented them for payment; yet Defendant
12 nevertheless signed and tendered the seven instruments to Plaintiff; received valuable gaming tokens
13 and cash in exchange therefor; all the while knowing that the instruments were worthless and;.

14     E.    Defendant knew that he did not have cash assets from any other source
15 with which to honor the seven credit instruments / negotiable instruments and thereby satisfy his
16 credit obligation to Plaintiff, yet Defendant nevertheless signed and tendered the seven instruments
17 to Plaintiff; received valuable gaming tokens in exchange therefor; all the while knowing that the
18 instruments were worthless and;

19     F.    Defendant had actual and direct knowledge that the seven (7) credit
20 instruments / negotiable instruments were worthless and would be dishonored at such time as Plaintiff
21 presented them for payment, as the instruments were drawn against a financial account which
22 Defendant had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did
23 not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments
24 / negotiable instruments; thereby assuring that his credit obligation to Plaintiff would not be satisfied
25 as the instruments would be dishonored when Plaintiff presented them for payment; yet Defendant
26 nevertheless signed and tendered the seven instruments to Plaintiff; received valuable gaming tokens
27 and cash in exchange therefor; all the while knowing that the instruments were worthless.

28

10. A copy of the seven credit instruments / negotiable instruments tendered to Plaintiff is annexed and affixed hereto as Composite Exhibit #1 and are incorporated herein by reference.

11. Plaintiff alleges that Defendant's actions:

   A. Consisted of willful conduct toward Plaintiff as, at all times material hereto, Defendant deliberately and intentionally injured Plaintiff by signing and tendering the seven instruments (annexed and affixed hereto as Composite Exhibit #1 to Plaintiff and receiving valuable gaming tokens and cash in exchange therefor; all the while knowing that instruments were drawn against a financial account which Defendant had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments / negotiable instruments at issue herein; and that the instruments were worthless and;

   B. Consisted of malice toward the Plaintiff as, at all times material hereto: Defendant committed a wrongful act; which Defendant committed intentionally; which necessarily caused injury to Plaintiff; and which Defendant committed without just cause or excuse, to wit: signing and tendering the seven instruments at issue herein to Plaintiff; receiving valuable gaming tokens and cash in exchange therefor; all the while knowing that the instruments were worthless as Defendant had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments / negotiable instruments at issue herein; that the instruments were worthless, and that such conduct would result in injury to Plaintiff and;

   C. Were the sole and proximate cause of injury to Plaintiff to the extent of the face value of the seven instruments, was a necessary product of the Defendant's willful and malicious acts, to wit: signing and tendering the seven instruments (annexed and affixed hereto as Composite Exhibit #1 to Plaintiff and receiving valuable gaming tokens and cash in exchange therefor; all the while knowing that instruments were worthless as they were drawn against a financial account which Defendant had wrongfully closed (or shortly thereafter would be wrongfully closed) or otherwise did

1  not (and would not) have funds on deposit therein sufficient to honor any of the credit instruments
2  / negotiable instruments at issue herein.
3      12.    Defendant's agreement with Plaintiff provides for the payment of interest, costs and
4  attorney fees, should court action be necessary to collect the debt.
5      13.    Plaintiff has suffered injury and damage as a direct and proximate result of
6  Defendant's willful, malicious, and intentional conduct, hence Plaintiff asserts that Defendant's debt
7  to the Plaintiff (plus costs, interest, worthless check damages, and attorney fees emanating therefrom)
8  should be held to be nondischargeable in bankruptcy pursuant to 11 U.S.C. 523 (a)(6).
9      **WHEREFORE**, Plaintiff prays:
10      1.    That the debts owed to the Plaintiff determined to be nondischargeable pursuant to
11  11 U. S. C. 523(a)(6).
12      2.    For judgment in favor of Plaintiff on all claims for relief;
13      3.    For costs and attorney fees incurred in prosecuting this action;
14      4.    For punitive and exemplary damages in an amount to be proven at trial;
15      5.    For a money judgment in favor of Plaintiff in an amount to be proven at trial, but not
16  less than $720,363.80 or, in the alternative; for a judgment in favor of Plaintiff which determines
17  Defendant's debt to Plaintiff to be nondischargeable in bankruptcy; and which terminates and annuls
18  the Automatic Stay as to Defendant's debt to Plaintiff; thereby permitting Plaintiff to commence
19  litigation in the U. S. District Court for District of Nevada in an effort to secure a final and valid
20  judgment against Defendant, then domesticate and enforce that Final Judgment against Defendant in
21  the appropriate court of any jurisdiction where Defendant or his assets can be located. and,
22      6.    for such other and further relief as the Court may deem just and proper.
23  DATED this 20th day of August, 2009.

24      ROBERT G. AISENSTEIN, ESQ.
    Counsel for Plaintiff
25      2114 Fountain Springs Drive
    Henderson, Nevada 89074
26      Telephone: (702) 897-1438    FAX: (702) 896-8868
    E-Mail: Aisenstein@msn.com
27
28      BY: /s/ Robert G. Aisenstein
    ROBERT G. AISENSTEIN
    [Pro Hac Vice Admission Pending]