ORIGINAL

William A. Orzel (SBN #136906)
STARK & D'AMBROSIO, LLP
501 W. Broadway, Ste. 770
San Diego, CA 92101
Tele: (619) 338-9500
Fax: (619) 338-9595



FILED
OCT 1 3 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

Attorneys for Plaintiffs, BELLAGIO, LLC; and
MANDALAY CORP., a Nevada Corporation DBA MANDALAY BAY RESORT and CASINO

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL NAHASS,<br><br>Debtor.<br>_____<br>BELLAGIO, LLC; and MANDALAY CORP.,<br>a Nevada Corporation DBA MANDALAY<br>BAY RESORT and CASINO<br><br>Plaintiffs,<br>vs.<br><br>MICHAEL NAHASS,<br><br>Defendant<br>_____ | Case No.: **8:09-bk-14465-TA**<br><br>Chapter 7<br><br>Judge: Hon Theodor Albert<br><br><br>ADVERSARY NO:<br><br><br>COMPLAINT TO DETERMINE<br>DISCHARGEABILITY OF DEBT<br>[11 U.S.C. 523(a)(2)(A) & (B), 523(a)(6)] |

Plaintiffs allege:

1. This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C.; Sections 157 and 1334, and General Order No. 266 dated October 9, 1984. This case is a core proceeding pursuant to 28 U.S.C., Section 157(b)(2)(I).

2. Plaintiffs BELLAGIO, LLC (BELLAGIO) and MANDALAY CORP., a Nevada Corporation DBA MANDALAY BAY RESORT and CASINO (MANDALAY) are and were, at all time relevant herein, legally recognized entities authorized to do business and doing business in Clark County, Nevada and holders of unrestricted gaming licenses entitling them to operate a casino

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1

and gaming establishment within the State of Nevada.

3. Plaintiffs are informed and believe and thereon allege that Defendant MICHAEL NAHASS ("Defendant") is a resident of the County of Orange, State of California. Defendant filed a Chapter 7 petition in the United States Bankruptcy Court for the Central District of California on May 13, 2009. Plaintiffs claims arise pursuant to 11 U.S.C. 523(a)(2)(A) & (B), and 523(a)(6).

4. This is an action seeking an exception to the discharge of Defendant's debt to Plaintiffs pursuant to 11 U.S.C. 523(a)(2)(A) and (B), and 523(a)(6).

5. Plaintiff BELLAGIO is a creditor of Defendant having a valid claim with an outstanding principle balance in the amount of $457,500.00 exclusive of interest, costs, worthless check damages, and attorney's fees.

6. Plaintiff MANDALAY is a creditor of Defendant having a valid claim with an outstanding principle balance in the amount of $347,500.00 exclusive of interest, costs, worthless check damages, and attorney's fees.

7. On or about October 19, 2008, Defendant sought and was extended credit from Plaintiff BELLAGIO. in the aggregate sum of $510,000.00. Defendant, with an intent to deceive and defraud Plaintiff BELLAGIO, falsely represented to said Plaintiff that he did have sufficient assets in his bank account to satisfy his credit obligation to said Plaintiff and that said credit obligation would be paid.

8. Defendant accessed this credit by signing and tendering three credit/negotiable instruments to BELLAGIO. Plaintiff represented in writing on said instruments that he did have funds on deposit in accounts sufficient to pay the instrument on demand. However, upon attempts to negotiate the instruments, each was returned by the drawee bank as there were insufficient funds in the account to cover the demand. [A copy of the three instruments are attached collectively hereto as **Exhibit 1**.]

9. On or about October 19, 2008, Defendant sought and was extended credit from Plaintiff MANDALAY in the aggregate sum of $400,000.00. Defendant, with an intent to deceive and defraud Plaintiff MANDALAY, falsely represented to said Plaintiff that he did have sufficient assets in his bank account to satisfy his credit obligation to said Plaintiff and that said credit

obligation would be paid.

10. Defendant accessed this credit by signing and tendering four credit/negotiable instruments to MANDALAY. Plaintiff represented in writing on said instrument that he did have funds on deposit in accounts sufficient to pay the instrument on demand. However, upon attempts to negotiate the instruments, each was returned by the drawee bank as there were insufficient funds in the account to cover the demand. [A copy of the four instruments are attached collectively hereto as **Exhibit 2.**]

11. In justifiable reliance upon the false representations, false pretenses, actual fraud, and writings thereof by the Defendant, Plaintiff BELLAGIO extended credit to said Defendant in the aggregate sum of $510,000.00 of which $457,500.000 of the principal balance remains due, owing, outstanding and unpaid.

12. In justifiable reliance upon the false representations, false pretenses, actual fraud, and writings thereof by of the Defendant, Plaintiff MANDALAY extended credit to said Defendant in the aggregate sum of $400,000.00 of which $347,500.000 of the principal balance remains due, owing, outstanding and unpaid.

13. In support of their allegations that Defendant used false representations, false pretenses, actual fraud, and writings thereof to deceive the Plaintiffs, Plaintiffs allege that at the time such credit was sought by the Defendant and granted by the Plaintiffs, Defendant knew that he did not have the funds on deposit to honor the credit/negotiable instruments on demand, nor did he intend, to satisfy his credit obligations to the Plaintiffs, thus assuring that his credit obligation to Plaintiffs would not be satisfied as the instruments would be dishonored when presented for payment. Further, Defendant knew that he did not have the funds on deposit, and never intended to satisfy his credit in that Defendant knowingly, voluntarily and intentionally filed a petition under Chapter 7 of the Bankruptcy Code in this action on May 13, 2009.

14. The debts incurred by Defendant to Plaintiffs are non-dischargeable under 11 U.S.C. Section 523(a)(2)(A) & (B), and 523(a)(6).

15. It is clear that Defendant knew, or should have known, that he did not have sufficient assets, income, intent an/or ability to pay the aforesaid debts to Plaintiffs when Defendant incurred

them.

16.   Defendant's written agreements with Plaintiffs provides for the payment of costs and attorney's fees should court action be necessary to collect the debts.

17.   Plaintiffs have each suffered loss and damages as a direct and proximate result of Defendant's false representations, material misrepresentations, false pretenses, actual fraud, and writings thereof. Plaintiffs assert that Defendant's debts to the Plaintiffs plus costs, worthless check damages, interest and attorney's fees incurred by Plaintiffs in collection the debts should be held to be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) & (B), 523(a)(6) and other statutory and case law pertaining hereto.

WHEREFORE, Plaintiffs pray that:

1.   The debts owed to the Plaintiffs be determined to be non-dischargeable;

2.   For a money judgement in favor of each Plaintiff in an amount to be proven at trial but not less than $457,500.00 for Plaintiff BELLAGIO and $347,500.00 for Plaintiff MANDALAY for an aggregate total of $805,000.00 plus interest thereon or in the alternative; for a judgment in favor of Plaintiffs which determines Defendant's debt to be non-dischargeable in bankruptcy; and which determines and annuls the Automatic Stay as to Defendant's debt to Plaintiffs; thereby permitting Plaintiffs to commence litigation in Nevada in an effort to secure a final and valid judgment against Defendant, then domesticate and enforce that Final Judgment against Defendant in the appropriate court of any jurisdiction where Defendant or his assets can be located. And,

3.   For judgment in favor of Plaintiffs on all claims for relief and that Plaintiffs are entitled to enforce said judgment;

4.   For punitive and exemplary damages in an amount to be proven at trial;

5.   For costs and attorney's fees incurred in prosecuting this action; and

6.   For such other and further relief as the curt may deem just and proper.

Dated: October 8, 2009                                  STARK & D'AMBROSIO, LLP

William A. Orzel
Attorney at Law

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

4

# Exhibit 1



EXHIBIT 1

111012822 03/03/2009
2235852847
321270742 02/27/2009
000008821161892

→ Do not endorse or write below this line ↓

BELLAGIO HOTEL & CASINO
CAGE
99 012 6419
FOR DEPOSIT ONLY
122400724
R/A 99 012 4539

0009 62651

FEB 27

BANK OF AMERICA,NA LVG
122409R234 E6688 9A P05
02/27/09

>122400724< 02/27/2009
000002150338642

**EXHIBIT 1**

6

*1110128222*
03/03/2009
0000089816205255

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-A
NOT SUFFICIENT FUNDS

*17580001*
*9195*
*B*
*00243*

[1224007243] 02/27/2009
0000021503386624

MICHAEL A NAHASS
3800 HOWARD HUGHES PKWY
LAS VEGAS    NV

Check Number  10476865

Customer Number  377559

Pay to the order of  BELLAGIO

TWO*HUNDRED,THOUSAND*DOLLAR*AND*.00*CENTS*********

$200,000.00*****

WELLS FARGO BANK
3800 HOWARD HUGHES PKWY
LAS VEGAS, NV

February 26, 2009

NSF

Payable in United States Dollars

Signature:

"010476865"  :321270742:  5783109252"  "00 20000000"

EXHIBIT 1

```
111012822  03/03/2009
     2235852845
321270742  02/27/2009
   000008821161890
```

↓ Do not endorse or write below this line ↓

BELLAGIO HOTEL & CASINO
CAGE
99 012 6419
FOR DEPOSIT ONLY
122400724
RM 99 012 4539

0009  62639



```
>122400724<  02/27/2009
   000002150338624
```

**EXHIBIT 1**

8

*11101282*
03/03/2009
0000089816202656

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

*175800001*
*9195*
*00244*

[1224007241] 02/27/2009
0000021503386525

MICHAEL A NAHASS
3800 HOWARD HUGHES PKWY
LAS VEGAS    NY

Customer Number  377559

Check Number  10476869

Pay to the order of BELLAGIO    February 26, 2009

TWO-HUNDRED-THOUSAND-AND-00*CENTS*************    $200,000.00******

WELLS FARGO BANK
3800 HOWARD HUGHES PKWY
LAS VEGAS, NV

Payable in United States Dollars

Signature: [signed]

NSF

⑈10476869⑈  ⑆321270742⑆  5763109252⑈  ⑈000000000000⑈

EXHIBIT 1

9

```
111012822 03/03/2009
    2235852846
321270742 02/27/2009
   000008821161891
```



BELLAGIO HOTEL & CASINO
CAGE
99 012 6419
FOR DEPOSIT ONLY
122400724
R/I 99 012 4539

```
0009    6 2 6 4 0
```

FT0 27

BANK OF AMERICA, NA LVG
>122400724 E6488 94 P85
                   02/27/09
2150338625

```
>122400724< 02/27/2009
    000002150338625
```

**EXHIBIT 1**

10

# Exhibit 2

\*111012822\*
03/13/2009
0000068984280009

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

\*18370001\*
\*10263\*
\*9\*
\*00361\*



EXHIBIT 2

11





**EXHIBIT 2**

12





EXHIBIT 2





EXHIBIT 2

14

FORM B104 (08/07)                                                               2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Bellagio LLC; Mandalay Corp. A Nevada Corporation dba Mandalay Bay Resort and Casino | **DEFENDANTS**<br>Michael Nahass |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>William A. Orzel<br>Stark & D'Ambrosio<br>501 W. Broadway Ste. 770 San Diego CA 92101 (619)338-9500 | **ATTORNEYS** (If Known)<br>Jose Perez<br>714 W. Olympic Blvd., Ste. 450<br>Los Angeles CA 90015     (213) 748-5792 |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Dischargeability of Debt based upon false pretenses, false representations, actual fraud, willful and malicious injury by the debtor to the Plaintiffs or the property of the Plaintiffs. 11 U.S.C. 523 (a)(2) and 523 (a)(6).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 805,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Michael Nahass ||| BANKRUPTCY CASE NO.<br>8:09-14465-TA ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* ||||
| DATE<br>October _8_ 2009 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William A. Orzel |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.